# EXHIBIT A

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

**HEIDI HARRY**
    PLAINTIFF

V.

DOCKET NO. 11-0366

**UNUM GROUP CORPORATION**
    DEFENDANT

## SUMMONS

TO DEFENDANT: <u>Unum Group Corporation</u>

WHOSE ADDRESS IS <u>Registered Agent – Corporation Service Company, 2908 Poston Ave.,</u>

<u>Nashville, Tennessee, 37203</u>

OTHER SERVICE INFORMATION <u>Plaintiff will serve</u>

---

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Hamilton County Courthouse, Suite 300, 201 East 7th Street, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this _9th_ day of _May_, 20_11_.

                    S. LEE AKERS, CLERK & MASTER

                    By: _[signature]_
                    DEPUTY CLERK & MASTER

| <u>Randall D. Larramore</u>     <u>18760</u> |
|---|
| Plaintiff' Attorney                BPR# |
| or Plaintiff if no attorney (*pro se*) |
| <u>19 Patten Parkway</u> |
| Address |
| <u>Chattanooga, TN 37402</u> |
| <u>423-756-6770</u>        <u>423-756-0009</u> |
| Tel. NO.                  Fax NO. |

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.


EXHIBIT A

Case 1:11-cv-00153-HSM       Filed 06/10/11   Page 2 of 9   PageID #: 7

# SUMMONS RETURN

I received this summons on _May-9-2011_ . I certify and return that on _May-11-2011_ , I
(Date)                                                                                              (Date)

☒ served this summons and a complaint on defendant, _Unum Group Corporation_
                                                                                                    (Printed Name of Defendant)

in the following manner:

_Via Certified return receipt U.S. mail to Defendant's registered_
_agent: Corporation Service Company._

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____


_Terri Larramore_                                    _Terri Larramore_
Process Server Name (Printed)                        Process Server Signature

_Paty, Rymer, & Ulin, P.C._
                     Address
_19 Patten Parkway_
_Chattanooga, TN 37402_

[Form 114, Rev 2002.01.15]

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Unum Group Corporation_
_c/o Registered Agent:_
_Corporation Service Company_
_2908 Poston Avenue_
_Nashville, TN 37203_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Y

2. Article

IN THE CHANCERY COURT OF
HAMILTON COUNTY TENNESSEE

| | | |
|---|---|---|
| HEIDI HARRY, | : | |
|     Plaintiff, | : | Case No.: 11-0366 |
| V. | : | Part ___ |
| UNUM GROUP CORPORATION | : | Jury Demand |
|     Defendant. | : | |

## COMPLAINT

Comes the Plaintiff, Heidi Harry, by and through Counsel, and sues the Defendant, Unum Group, (hereinafter referred to as "Unum" or "Defendant"), and for her cause of action, states:

### I. JURISDICTION

1. Jurisdiction in this case is invoked for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* and the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12102 *et. Seq.*

2. Plaintiff, Heidi Harry, is and was at all times material herein, a citizen and resident of Hamilton County, Tennessee.

3. Defendant, Unum Group Corporation, is a foreign corporation registered to do business in the State of Tennessee. Unum can be served with process through its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203. Unum Group Corporation is engaged in business operations in Hamilton County Tennessee, where Plaintiff was employed.

4. Plaintiff was at all material times an employee of Defendant within the meaning of the FMLA and ADA.

*Paty, Rymer, and Ulin, P.C.*

ATTORNEYS AT LAW
18 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE
37402-2297

5. The Defendant is an "employer" and a "covered employer" as defined by the FMLA and ADA.

6. The acts complained of herein occurred primarily at Defendant's facilities in Hamilton County, where the Plaintiff was assigned as a result of her employment.

7. Plaintiff has exhausted her administrative requirements and has received her right to sue from the EEOC.

## II. GENERAL ALLEGATIONS

8. Plaintiff was hired by Defendant, Unum, during May of 2005, as an Intake Coordinator at Defendant's facility located in Hamilton County, Tennessee.

9. During Plaintiff's employment, she performed acceptably within the guidelines established by Defendant and was not disciplined regarding her general work performance.

10. Plaintiff has the serious health condition and disability of panic and anxiety disorder as well as Attention Deficit Disorder. These conditions constitute a serious health condition as defined by the FMLA and a disability as defined by the ADA.

11. During Plaintiff's occasional panic attacks, she is completely disabled and unable to function in any capacity. These conditions had caused Plaintiff to be taken by ambulance to a hospital during early 2010.

12. As treatment for the above conditions, Plaintiff is prescribed Visatril, Klonopin and Adderall. Plaintiff's anxiety symptoms were well controlled and she was rarely forced to take her prescribed Klonopin. However, on the occasion when Plaintiff was forced to take the prescribed Klonopin, she became very sedated and was unable to report to work at the standard start time.

Paty, Rymer, and Ulin, P.C.

ATTORNEYS AT LAW
18 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE
37402-2207

13. Defendant was aware of Plaintiff's condition and the effects of the Plaintiff's medication she was prescribed because of that condition.

14. Plaintiff requested that she be transferred to second shift to address the above situation, but Defendant refused to transfer her.

15. Plaintiff sought and was granted intermittent FMLA leave for the period of March 11, 2010, through September 10, 2010, based on her panic and anxiety disorder as well as the effects of the medications required for the treatment of the conditions.

16. During the early morning of March 17, 2010, Plaintiff suffered a panic attack and was forced to take her prescribed Klonopin. Because of the sedating effects of the Klonopin that Plaintiff was forced to take, she was unable to report to work on time. Plaintiff contacted her employer as soon as she was able to awaken from the sedation and reported her situation.

17. On or around March 17, 2010, despite her FMLA coverage, Plaintiff was terminated from her job position for her absence from work that morning.

18. Plaintiff was terminated based on absences or tardiness which was protected by the FMLA.

19. If Defendant had offered Plaintiff a reasonable accommodation of allowing her a flexible work schedule when she suffered a panic attack, Plaintiff would not have been terminated.

### III. CAUSE OF ACTION

20. Plaintiff charges and alleges that Defendant's termination of Plaintiff was in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*,

21. Plaintiff charges and alleges that Defendant's failure to accommodate

*Paty, Rymer, and Ulin, P.C.*
ATTORNEYS AT LAW
19 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE
37402-2897

Plaintiff's disability was in violation of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12102 *et. Seq.*

22. Plaintiff charges and alleges that Defendant's termination of Plaintiff was in violation of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12102 *et. Seq.*

## IV. DAMAGES

23. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered lost wages and benefits, mental pain and suffering, embarrassment, humiliation and general damages.

## V. RELIEF SOUGHT AGAINST DEFENDANTS

**WHEREFORE,** Plaintiff, Heidi Harry, prays that proper process issue and be served upon the Defendant in this action in the manner prescribed by law; and

**WHEREFORE,** Plaintiff demands judgment against the Defendant for compensatory damages, statutory or liquidated damages, reasonable attorney fees, and all costs of litigation; and

**WHEREFORE,** Plaintiff demands a jury to try all issues, when joined.

**Respectfully submitted,**

**PATY, RYMER AND ULIN P.C.**

By: _/s/ Randall Larramore_
Randall D. Larramore
BPR # 18760
Attorneys for Plaintiff
19 Patten Parkway
Chattanooga, TN 37402
(423) 756-6770

Paty, Rymer, and Ulin, P.C.
ATTORNEYS AT LAW
19 PATTEN PARKWAY
CHATTANOOGA, TENNESSEE
37402-2387

 

**CLERK & MASTER**
**CHANCERY COURT OF TENNESSEE**
**ELEVENTH JUDICIAL DISTRICT OF TENNESSEE**
**CHATTANOOGA, TENNESSEE**

## ADA: PUBLIC NOTICE

This notice is provided as required by Title II of the AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. 12131, et seq., T.C.A. § 16-3-803, and Tennessee Supreme Court Rule 45.

The AMERICANS WITH DISABILITIES ACT (ADA) prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the ADA, the Tennessee Judicial Branch will provide reasonable modifications, if necessary, in order for any qualified individual with a disability to access all of its programs, services and activities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **ADA Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least 5 business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

| If you need assistance, have questions or need additional information please contact either: ||
|---|---|
| | Julie Taylor<br>State Judicial Program ADA Coordinator<br>Administrative Office of the Courts<br>Nashville City Center, Ste 600<br>511 Union St,<br>Nashville, TN 37243<br>1-800-448-7970<br>adacoordinator@tscmail.state.tn.us |

**The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs**, as well as **Request for Modification** form may be found online at:
www.tsc.state.tn.us

Page 1 of 1 page.
PUBLIC NOTICE: AMERICANS WITH DISABILITIES ACT
REV. 2007.01.19

Case 1:11-cv-00153-HSM-WBC Document 1-2 Filed 06/10/11 Page 8 of 9 PageID #: 13

IN THE CHANCERY COURT OF
HAMILTON COUNTY TENNESSEE

HEIDI HARRY,
    Plaintiff,

Case No.: 11-0366

V.

Part ___

UNUM GROUP CORPORATION
    Defendant.

Jury Demand

## COST BOND

The undersigned acknowledges and hereby binds the undersigned for payment of all costs in this Court which may at any time be adjudged against the Plaintiff, Heidi Harry (hereinafter "principal"), in the event said principal shall not pay the same if so ordered by this Court.

WITNESS MY HAND this 6th day of May, 2011.

PATY, RYMER & ULIN, P.C.

By: _____
Randall D. Larramore, Surety
BPR #18760
19 Patten Parkway
Chattanooga, TN 37402
(423) 756-6770

Paty, Rymer, and Ulin, P.C.
ATTORNEYS AT LAW
19 PATTEN PARKWAY
HATTANOOGA, TENNESSEE
37402-2297

11 MAY -6 PM 3: 40

FILED